IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      **Plaintiff,**<br><br>v.<br><br>**ABEL ANTHONY FLORES,<br>JABIER BUSTOS,<br>VANESSA GARCIA-JIMENEZ and<br>OLIVIA CARRELL,**<br><br>      **Defendants.** | Case No. 22-CR-428-JFH |

## OPINION AND ORDER

Before the Court are an unopposed motion to declare this case a complex matter pursuant to 18 U.S.C. § 3161(h)(7)(A) ("Complex Designation Motion") filed by Defendant Abel Anthony Flores ("Flores") [Dkt. No. 75] and an unopposed motion for a new scheduling order ("Continuance Motion") also filed by Flores [Dkt. No. 76]. The Court will address each.

Regarding the Complex Designation Motion, Jackson represents the United States of America ("Government") and counsel for his Co-Defendants Jabier Bustos ("Bustos"), Vanessa Garcia-Jimenez ("Garcia-Jimenez"), and Olivia Carrell ("Carrell") do not oppose the Motion. Dkt. No. 75 at 1. Additionally, counsel for Carrell filed a joinder in the Motion. Dkt. No. 82. For the reasons set forth below, the Complex Designation Motion is GRANTED.

The Indictment in this case charges the four Defendants with drug conspiracy and related crimes. Dkt. No. 58. Flores informs the Court that discovery is complex, with "at least eighty-seven (87) gigabytes of data," which will be produced via external hard drives and include electronically stored information ("ESI") from multiple devices, electronic and physical surveillance evidence, and law enforcement reports including reports from outside the Northern District of Oklahoma. Dkt. No. 75 at 2. Additionally, Flores states the case involves a lengthy

investigation of an international drug trafficking organization and activities both inside and outside of the Northern District of Oklahoma, including but not limited to California, Mexico, and Georgia, which may also involve additional reports. *Id.* Given the very large volume of discovery to be produced which includes but is not limited to law enforcement reports and ESI, Flores requests the Court find the case is complex.

For the reasons set forth in the Complex Designation Motion, including those noted herein, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Court finds that this is a complex case and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the limits established by 18 U.S.C. § 3161. The Court further finds that the ends of justice served by granting the continuance requested outweigh the interests of the public and the Defendants in a speedy trial. Thus, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the ends of justice dictate that the period of delay shall be excludable in computing the time from which the Indictment was filed and the time within which the trial of this action must commence.

The Court next turns to the Continuance Motion. Flores requests an additional one hundred twenty (120) days to prepare for trial given the complexity of the case just described. Dkt. No. 76. He represents the Government does not object and he received no response from Bustos. *Id.* at 1. Garcia-Jimenez and Carrell each join in the Continuance Motion. Dkt. No. 79; Dkt. No. 81. Because of the complexity of the discovery in this case, the Court finds a continuance appropriate.

IT IS THEREFORE ORDERED that unopposed motion to declare this case a complex matter pursuant to 18 U.S.C. § 3161(h)(7)(A) [Dkt. No. 75] is GRANTED.

IT IS FURTHER ORDERED that the unopposed motion for a new scheduling order filed at Dkt. No. 76 is GRANTED. The jury trial set for February 21, 2023 at 8:45 a.m. is stricken. The following amended scheduling order is hereby entered:

| | | |
|---|---|---|
| Joint status report regarding production of discovery due: | 5/4/2023 | |
| Notices due: | 5/4/2023 | |

    This includes all notices required by the Rules of Criminal Procedure and Evidence, including but not limited to, notices pursuant to Rule 16, 404(b), 412, 413, 414, or 609.

| | | |
|---|---|---|
| Motions and objections to notices due: | 5/11/2023 | |

    Absent good cause, motions in limine shall be filed by this date

    Motions for bill of particulars shall be filed pursuant to FRCrP 7(f)

| | | |
|---|---|---|
| Pretrial conference: | 6/1/2023 | at 9:30 am |
| Voir dire, jury instructions, stipulations, & trial briefs due: | 6/9/2023 | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 6/15/2023 | by 4:00 pm |
| Three hard-copy exhibit binders delivered to Court: | 6/15/2023 | by 4:00 pm |
| Jury trial: | 6/20/2023 | at 8:45 am |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 47-2, any response shall be filed within seven days of any motion's filing.

Only one omnibus motion in limine and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 47-4, which requires a motion state on the first page whether or not it is opposed and, if opposed, state whether concurrence was refused or explain why concurrence could not be obtained.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the Pretrial Docket Call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the Change of Plea Hearing.

The parties are encouraged to review the Court's Criminal Guidelines.

Dated this 9th day of January 2023.

*[signature]*
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE